LEO KEITH STEINER III v. RUTH B. STEINER

No. 7226DC242

(Filed 24 May 1972)

**Divorce and Alimony § 18— alimony pendente lite — counsel fees — amount**
> The trial court did not abuse its discretion with respect to the amount of an award to the wife of alimony *pendente lite* and counsel fees.

APPEAL by plaintiff from *Stukes, District Judge,* 1 November 1971 Session of District Court held in MECKLENBURG County.

Plaintiff instituted action for divorce. Defendant filed answer and cross-action seeking alimony *pendente lite,* permanent alimony and counsel fees. When the cause came on for hearing on the question of alimony *pendente lite* and counsel fees, the parties stipulated as follows:

> "It is stipulated for the purpose of this hearing, and this hearing only, that the plaintiff abandoned the defendant without just cause or excuse and that no inquiry need be made into the facts thereof and the same be found as a fact by the Court."

The parties then proceeded to introduce evidence as to the estates, earning capacity, accustomed standard of living of the parties and other facts of the case. From the order awarding alimony *pendente lite* and counsel fees, plaintiff appealed.

*Sanders, Walker and London, by Alvin A. London and Larry Thomas Black for plaintiff appellant.*

*Warren C. Stack for defendant appellee.*

VAUGHN, Judge.

The only real question before this court is whether there was an abuse of discretion on the part of the trial judge with respect to the amount of the award for alimony *pendente lite* and counsel fees. In all candor, we are constrained to observe that the amounts set out in the order appear to be bountiful. On the record before us, however, we cannot hold that there was, as a matter of law, an abuse of discretion. If and when the matter comes on for hearing on the question of permanent alimony, plaintiff may be well advised to document his contentions as to the relative financial circumstances of the parties through the utilization of accepted accounting procedures. The order from which plaintiff appealed is affirmed.

Affirmed.

Judges BROCK and HEDRICK concur.